Kenneth L. Vaughn, Jr., a minor by Kenneth R. Vaughn and Kathleen I. Vaughn, his parents and natural guardians et al., Plaintiffs *v.* Commonwealth of Pennsylvania, Department of Public Welfare et al., Defendants.

Argued March 22, 1979, before President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., MENCER, ROGERS, BLATT, DISALLE, CRAIG and MAC-PHAIL.

*Carl M. Moses,* for plaintiffs.

*Barbara A. Brown,* Assistant Attorney General, with her *John L. Sweezy,* Chief Attorney of Unit, *Theodore A. Adler,* Chief Counsel, Department of General Services, and *Edward G. Biester, Jr.,* Attorney General, for defendants.

OPINION BY JUDGE BLATT, September 18, 1979:

This action in trespass arose out of an accident which the complaint indicates occurred on July 19, 1976, when the plaintiff was struck in the face by a portion of an allegedly defective baseball bat while he was participating in a baseball game at the Youth Forestry Camp No. 3. This camp was at that time operated by the Pennsylvania Department of Public Welfare (DPW) under the supervision of an employee of the DPW named Ronald Kissinger. The complaint alleges, *inter alia,* that the accident was proximately caused by the negligence of all named defendants and preliminary objections have been filed including a demurrer based upon the defense of sovereign immunity.[1] Two groups of defendants are named: (1) the Commonwealth and (2) the DPW, the Youth Forestry Camp No. 3 and Ronald Kissinger who are identified as agents, servants, workmen or employees of the Commonwealth.

---

[1] The defendants also included a motion to strike on the basis that the plaintiff's suit was filed beyond the two-year statute of limitations and that the precise nature of the negligence and damages had not been properly pled as well as a motion for a more specific pleading.

On the date of the accident in 1976, sovereign immunity was the law in Pennsylvania, and although approximately two years later,[2] this doctrine was abrogated by the Supreme Court in *Mayle v. Department of Highways,* 479 Pa. 384, 388 A.2d 709 (1978), the Pennsylvania General Assembly quickly enacted the Act of September 28, 1978, P.L. 788 (Act 152), which retroactively reinstated the law of sovereign immunity but, waived it as to eight specified categories of claims.[3]

With regard to the Commonwealth, the DPW and the Youth Forestry Camp No. 3, it is argued here that Act 152 retains the defense of sovereign immunity for them because this action does not fall within one of the eight exceptions which that Act enumerates. We believe, however, that Section 5110(a)(3) of the Act clearly waives the defense of sovereign immunity as to claims for:

> (3) Care, custody or control of personal property.—Damages caused by the care, custody or control of personal property in the possession of Commonwealth agencies, including Commonwealth-owned property of persons held by the Commonwealth. . . .

42 Pa. C.S. §5110(a)(3). The baseball bat used here was clearly "personal property" within the purview of this Section. Moreover, this complaint itself alleges that the defendants were at all times in possession of this personal property, *i.e.,* the baseball bat, which caused the plaintiff's injuries. The complaint, therefore, sufficiently sets forth a cause of action to withstand the preliminary objections filed by the Commonwealth entity defendants.

---

[2] July 14, 1978.

[3] These exceptions can be found at 42 Pa. C.S. §5110 et seq.

It is true, of course, that this Court generally has original jurisdiction of civil actions against the Commonwealth and its entities, but Act 152 has provided an exception for actions or claims in which the Commonwealth has waived sovereign immunity under any one of the eight exceptions under the Act, 42 Pa. C.S. §761(a)(1)(iii). Because the instant claim clearly falls within one of these exceptions as noted previously, we no longer have original jurisdiction and must transfer the case as to the Commonwealth entities to the appropriate court of common pleas.

As to defendant Kissinger, the complaint alleges merely that he was director and/or supervisor of the DPW's Youth Forestry Camp No. 3, *i.e.*, a Commonwealth employee. We do not believe that he can be considered to be an "officer" of the Commonwealth within our exclusive original jurisdiction. *Opie v. Glascow, Inc.*, 30 Pa. Commonwealth Ct. 555, 375 A.2d 396 (1977). As a result, he may be liable here, but, jurisdiction as to his liability lies initially with the appropriate lower court, here the Court of Common Pleas of Huntingdon County.[4]

---

[4] We would note that Act 152 specifically retains the common-law defenses based on the immunity of public officials and employees. *Estate of Tanya Carlisa Armstrong v. Pennsylvania Board of Probation and Parole*, 46 Pa. Commonwealth Ct. 33, 405 A.2d 1099 (1979). While the traditional rules as to immunity were that Commonwealth officers and employees were liable if their conduct was alleged and proved to be malicious, wanton or reckless, our Supreme Court has modified these rules to hold that the extent of immunity should be decided on a case by case basis. *DuBree v. Commonwealth*, 481 Pa. 540, 393 A.2d 293 (1978). It has reasoned that a determination has to be made as to whether or not the public servant's actions can be measured by a definable standard of care and whether or not it would be in the public interest to protect the individual concerned from liability. The Court offered the following guidance which we deem appropriate to reiterate for the benefit of the lower court:

We will transfer this matter against all defendants to the Court of Common Pleas of Huntingdon County without further consideration of any other questions raised in the preliminary objections.

ORDER

AND NOW, this 18th day of September, 1979, the above-captioned matter is hereby transferred to the Court of Common Pleas of Huntingdon County for action consistent with this opinion.

---

Where, but for the defendant's status, a right of action would lie under analogous rules of law, and no public policy would be promoted in shielding a defendant from liability, and the plaintiff has not failed to pursue existing remedies, denial of the possibility of recovery is unjustified

481 Pa. at 546, 393 A.2d at 296.