Paula M. Davidow and Gerald Davidow, Appellants *v.* Barry Anderson et al., Appellees.

Argued March 15, 1984, before Judges MacPhail, Barry and Blatt, sitting as a panel of three.

*Paul E. Moses, Evans, Ivory & Evans, P.C.,* for appellants.

*Brian H. Baxter,* Deputy Attorney General, with him, *Herbert L. Olivieri,* Chief, Tort Litigation Unit, and *LeRoy S. Zimmerman,* Attorney General, for appellees.

Opinion by Judge Blatt, June 6, 1984:

Paula M. Davidow and Gerald Davidow, appellants, appeal here an order of the Court of Common Pleas of Allegheny County which granted a compulsory nonsuit in favor of the Pennsylvania Fish Commission (Commission).

On September 3, 1979, a motor boat collision occurred on Raystown Lake in Huntington County between boats that were owned and operated by Gerald Davidow and Barry Anderson. Paula Davidow, who was a passenger in the Davidow boat at the time of the collision, suffered serious injuries. The Davidows,

consequently, sued the Commission, Anderson, and other defendants, who need not be mentioned in this opinion, in actions predicated upon negligence and strict liability. At the time of the accident, the Commission, pursuant to a Memorandum of Understanding executed between it and the United States Army Engineer District (Corps of Engineers), was responsible for, *inter alia,* enforcing the boating rules and regulations on Raystown Lake, which was built and owned by the federal government. At the conclusion of the plaintiffs' case, a compulsory nonsuit was granted for the Commission, and, after a motion for removal of the compulsory nonsuit was denied, the instant appeal ensued.

At trial, the Davidows contended that the Commission failed to maintain danger buoys in the vicinity of the accident. In granting the compulsory nonsuit, however, the trial court concluded that, even if the Commission failed as alleged, this did not bring it within any of the enumerated sovereign immunity exceptions found in 42 Pa. C. S. §8522(b), and ruled, therefore, that the Commission was immune from any potential liability.

42 Pa. C. S. §8522(b) provides, in part, as follows:

(b) Acts which may impose liability.—The following acts by a Commonwealth party may result in the imposition of liability on the Commonwealth and the defense of sovereign immunity shall not be raised to claims for damages caused by:

\* \* \* \*

(3) *Care, custody or control of personal property.*—The care, custody or control of personal property in the possession or control of Commonwealth parties, *including Commonwealth-owned personal property and property*

*of persons held by a Commonwealth agency,* except that the sovereign immunity of the Commonwealth is retained as a bar to actions on claims arising out of Commonwealth agency activities involving the use of nuclear and other radioactive equipment, devices and materials.

(4) *Commonwealth real estate, highways and sidewalks.*—A dangerous condition of Commonwealth agency real estate and sidewalks, *including Commonwealth-owned real property, leaseholds in possession of a Commonwealth agency and Commonwealth-owned real property leased by a Commonwealth agency to private persons,* and highways under the jurisdiction of a Commonwealth agency, except conditions described in paragraph (5). (Emphasis added.)

The Davidows contend, essentially, that the aforementioned Memorandum of Understanding executed between the Commission and the Engineers created a Commonwealth interest in property which, in turn, abrogated immunity by virtue of either of the two exemptions noted above.

Our review of the record indicates that Raystown Lake is owned and operated by the federal government, and that it was developed by the Corps of Engineers, pursuant to Congressional authorization, to enhance, *inter alia,* the basic, balanced development of fish and wildlife as well as for recreational purposes. As a result, an agreement was entered into with the Fish Commission of the Commonwealth providing, in pertinent part, as follows:

This Memorandum of Understanding entered into this 28th day of February, 1977, by and between the PENNSYLVANIA FISH COMMISSION, Commonwealth of Pennsylvania, represented by the Executive Director

(hereinafter referred to as the "Commission") and the U.S. ARMY ENGINEER DISTRICT, BALTIMORE, (hereinafter referred to as the "District") represented by the District Engineer executing this memorandum. . . .

\* \* \* \*

NOW, THEREFORE

A.    The District agrees on waters within the Raystown Lake Project:

1.    That the Commission has prime authority and responsibility in the establishment, administration, and enforcement of the fishing and boating laws applicable to this project, provided that the rules and regulations promulgated by the Commission support and implement, where applicable, the intent of the Rules and Regulations Governing Public Use of Water Resources Development Projects . . . .

\* \* \* \*

3.    To consult with, or propose to, the Commission any recommendations for special regulations affecting fishing or boating in Raystown Lake which might be desirable for reasons of public safety, administration, or public use and enjoyment;

4.    To consult with the Commission relative to the marking of the lake with buoys and the posting of speed limits, no wake zones, restricted or other control areas, and to provide, install, and maintain such buoys as are agreed to be necessary for the implementation of a plan mutually agreed upon by the Commission and the District.

The questions presented for our review, therefore, are: (1) whether or not the above agreement estab-

lishes a Commonwealth interest in the "care, custody or control of personal property" which would thereby waive a sovereign immunity defense on the part of the Commission pursuant to 42 Pa. C. S. §8522(b)(3); or, (2) whether or not the above agreement establishes a Commonwealth interest in real estate which would waive a sovereign immunity defense on the part of the Commission pursuant to 42 Pa. C. S. §8522(b)(4).

At the outset, we note that there is little case law to guide us in resolving these issues. 42 Pa. C. S. §8522(a), however, provides in part, as follows:

(a) Liability imposed.—The General Assembly, pursuant to section 11 of Article I of the Constitution of Pennsylvania, does hereby waive, in the instances set forth in subsection (b) *only and only to the extent set forth in this subchapter* .... (Emphasis added.)

We interpret this section as being evidence of an intent on the part of the General Assembly to exempt the sovereign from immunity only in specific, clearly-stated situations and that it is our duty, therefore, strictly to construe the above sections. Furthermore, we note that Section 1921(b) of the Statutory Construction Act of 1972 (Act), 1 Pa. C. S. §1921(b) provides: "[w]hen the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." And, additionally, we note that Section 1922 of the Act, 42 Pa. C. S. §1922, also provides, in part, that: "[i]n ascertaining the intention of the General Assembly in the enactment of a statute, the following presumptions, among others, may be used: ... (5) [t]hat the General Assembly intends to favor the public interest as against any private interest."

We believe that the aforementioned Memorandum of Understanding does not bring the Commission with-

in 42 Pa. C. S. §8522(b)(3). Raystown Lake, as the Davidows concede in their brief, is not owned by the Commonwealth. Even if it were, the lake itself, of course, is not personal property. Furthermore, because the Corps of Engineers, pursuant to the aforementioned agreement, assumed responsibility for providing, installing, and maintaining the buoys, and the Commission was obligated merely to consult with the Engineers concerning, *inter alia,* the marking of the buoys, we cannot say that the buoys were under the custody or control of the Commission within the meaning of 42 Pa. C. S. §8522(b)(3). *See Vaughn v. Department of Public Welfare,* 46 Pa. Commonwealth Ct. 101, 405 A.2d 1119 (1979).

We also believe that the Memorandum of Understanding does not bring the Commission within 42 Pa. C. S. §8522(b)(4). The lake is neither owned nor leased by the Commonwealth. The Davidows would admit this, of course, but they contend that the agreement creates a Commonwealth interest tantamount to ownership or to a leasehold. For the reasons already mentioned concerning our obligation to construe the statute strictly, however, we must hold that, absent actual ownership or an actual leasehold, the Commission does not come within the ambit of 42 Pa. C. S. §8522(b)(4).[1]

We will, therefore, affirm the order of the trial court.

## ORDER

AND Now, this 6th day of June, 1984, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter is hereby affirmed.

---

[1] Inasmuch as we will decide this case on the sovereign immunity grounds, we need not decide the evidentiary questions raised by the Davidows.