99 Pa. Commonwealth Ct. 178 (1986)
513 A.2d 504
Bettye Merritt and Hampton Merritt, Parents and Guardians of Bernita Merritt, a minor and Bettye Merritt and Hampton Merritt in their own right, Appellants
v.
Board of Education of the School District of Philadelphia and Walter Scott, Appellees.
No. 78 T.D. 1984.
Commonwealth Court of Pennsylvania.
Argued December 10, 1985.
July 24, 1986.
*179 Argued December 10, 1985, before President Judge CRUMLISH JR., Judge BARRY, and Senior Judge BLATT, sitting as a panel of three.
Robert A. Rosin, for appellants.
Andrew M. Rosen, for appellees.
OPINION BY JUDGE BARRY, July 24, 1986:
This is an appeal by Bettye and Hampton Merritt, parents and natural guardians of Bernita Merritt, a minor, and in their own right, from an order of the Philadelphia County Court of Common Pleas granting a motion for judgment on the pleadings filed by appellees, the Board of Education of the School District of Philadelphia and Walter Scott, the school principal. The order dismissed appellants' action in trespass on the ground that the complaint did not fall within any of the *180 enumerated exceptions to 42 Pa. C. S. §8542(b)(3).[1] Appellees' motion to strike a related criminal trial partial transcript under Pa. R.C.P. No. 1034 and Pa. R.A.P. 1926 was consolidated with the argument on the merits of the case.[2]
On April 28, 1981, Bernita Merritt, a mentally retarded, minor student at West Philadelphia High School was raped in the school ladies room by Thomas Corbin, a trespasser who followed Miss Merritt to school that day, entered the building, and as she exited from the ladies room, dragged her back into the ladies room where he committed the rape. On December 11, 1981, he pled guilty to rape and corrupting the morals *181 of a minor. He was sentenced to a term in prison. Appellants' complaint alleged that West Philadelphia High School officials knew of Mr. Corbin's presence in the neighborhood and had even made attempts to prevent him from entering into and loitering around the school prior to the rape. Hence, they contend, their failure to properly supervise the unlocked entranceways and school hallways constituted both negligence and willful misconduct and resulted in the rape and a series of accompanying psychological and physical problems of Miss Merritt.[3] Appellees' subsequent motion for judgment on the pleadings asserted that appellants' complaint failed to fit any of the statutorily enumerated exceptions to official immunity. This motion was granted on July 24, 1984, by the Philadelphia County Court of Common Pleas, the Honorable ALFRED J. DIBONA, JR. On appeal, appellants claim that the entry of judgment on the pleadings was improper because their cause falls under both Section 8542(b)(3) and Section 8550 (relating to willful misconduct) of the Act. Specifically, appellants maintain that the school district and Mr. Scott's failure to prevent Mr. Corbin from entering the school and perpetrating the act was both negligence in the care, control or custody of the school ground and willful misconduct. In addition, appellant argues that a constitutional right to a remedy exists under Article I, Section 11 of the Pennsylvania Constitution.
A motion for judgment on the pleadings, like preliminary objections, is the equivalent of the old statutory demurrer. In a motion for judgment on the *182 pleadings all well pleaded material facts and inferences reasonably deduced therefrom must be accepted as true. Conclusions of law and unjustified inferences will not be so considered. Unless it is clear on the face of the pleadings that the law will not permit recovery, the motion will be denied. John Doe Corp. v. Pennsylvania Crime Commission, 84 Pa. Commonwealth Ct. 234, 479 A.2d 655 (1984).
We affirm. We believe that Section 8542(b)(3) must be construed as a narrow exception to a general legislative grant of immunity. In Vann v. Board of Education, School District of Philadelphia, 76 Pa. Commonwealth Ct. 604, 464 A.2d 684 (1983), we held that this exception to immunity imposes "liability only for negligence which makes government-owned property unsafe for the activities for which it is regularly used, for which it is intended to be used, or for which it may be reasonably foreseen to be used." Vann, 76 Pa. Commonwealth Ct. at 607-08, 464 A.2d at 686. In Vann this Court found that a school district should not be held liable for the beating of a student in an unlighted area of the school ground because this violent act was not a reasonably foreseeable use of school property. We find this case similar. Therefore, we find that Section 8542(b)(3) is not applicable.[4]
Section 8550 of the Code provides that:
In any action against the local agency or employee thereof for damages on account of an injury caused by the act of the employee in which it is *183 judicially determined that the act of the employee caused the injury and that such act constituted a crime, actual fraud, actual malice or willful misconduct, the provisions of sections 8545 (relating to official liability generally), 8546 (relating to defense of official immunity), 8548 (relating to indemnity) and 8549 (relating to limitation on damages) shall not apply.
42 Pa. C. S. §8550. In Morris v. Musser, 84 Pa. Commonwealth Ct. 170, 478 A.2d 937 (1984), we found that the common pleas court erred under Section 8550 in granting immunity to a police officer whose alleged behavior if proved at trial would constitute willful misconduct. However, in Thorpe v. Danby, 68 Pa. Commonwealth Ct. 138, 448 A.2d 676 (1982), we refused to find Section 8550 applicable when there was no specific allegation of a crime, actual fraud, actual malice, or willful misconduct. In Mascaro v. Youth Study Center, 89 Pa. Commonwealth Ct. 388, 492 A.2d 786 (1985), we determined that Philadelphia Mayor Wilson Goode was immune from prosecution under Section 8550 for his decision to dispense with orange uniforms identifying detainees at the city's youth detention facility after escaped inmates committed assaultive acts. In Mascaro, the plaintiffs failed to explain why the act of issuing a directive was misconduct or conduct of a willful nature. Similarly, in the case before us, appellants in their complaint make no mention of willful misconduct. In their reply to new matter they refer to the "defendant's [sic] failures, gross negligence, and intentional misconduct" but this is an unexplained, conclusory statement rather than a factual allegation. Appellants have failed to properly plead the applicability of Section 8550.
Appellants ask that we rule contrary to the Pennsylvania Supreme Court in Carroll v. County of York, 496 Pa. 363, 437 A.2d 394 (1981), and find that Article I, *184 Section 11 of the Pennsylvania Constitution is violated by the legislature's authorization of the official immunity provision. We have, however, addressed this identical argument several times and held that nothing in Article I, Section 11 of the Pennsylvania Constitution precludes the legislature from enacting the immunity provisions of Chapter 85. Close v. Voorhees, 67 Pa. Commonwealth Ct. 205, 446 A.2d 728 (1982); Robson v. Penn Hills, 63 Pa. Commonwealth Ct. 250, 437 A.2d 1273 (1981).
In light of this holding, we see no need to address appellee's motion to strike part of the reproduced record.
Accordingly, we affirm.

ORDER
NOW, July 24, 1986, the order of the Philadelphia County Court of Common Pleas dated July 24, 1984, granting the motion for judgment on the pleadings filed by the Board of Education of the School District of Philadelphia and Walter Scott is affirmed.

ORDER
NOW, July 24, 1986, it is hereby ordered that, in light of the Order of this Court dated July 24, 1986, affirming the grant by the Philadelphia County Court of Common Pleas on July 29, 1984, of a motion for judgment on the pleadings filed by the Board of Education of the School District of Philadelphia and Walter Scott, the motion to strike part of the reproduced record filed by appellees, the Board of Education of the School District of Philadelphia and Walter Scott, is hereby denied.
DISSENTING OPINION BY PRESIDENT JUDGE CRUMLISH, JR.:
The majority, in affirming the grant of the School District's motion for judgment on the pleadings, relies *185 principally on our holding in Vann v. Board of Education, School District of Philadelphia, 76 Pa. Commonwealth Ct. 604, 464 A.2d 684 (1983). Vann held that the real property exception to governmental immunity only imposes liability "for negligence which makes government-owned property unsafe for the activities for which it is regularly used, for which it is intended to be used, or for which it may be reasonably foreseen to be used." Id. at 607-08, 464 A.2d at 686. The majority finds this case indistinguishable from Vann, concluding that the violent act here was not a reasonably foreseeable use of school property.
This is where I disagree. Unlike Vann, this is not a random act of violence on school property. West Philadelphia High School officials and security knew of the assailant's presence in the neighborhood and had made several unsuccessful attempts to prevent him from entering into and loitering about the school. Bernita Merritt was attending an early morning breakfast program for disadvantaged students sponsored specifically by the Board of Education. The area was clearly in the school authorities' control and the assailant was a known unauthorized and dangerous person. In my judgment, any student, particularly an emotionally disadvantaged person, would be a foreseeable victim of personal attack. The knowledge of the assailant's presence makes this scenario clearly foreseeable.
I would reverse the common pleas court order granting the school district's motion for judgment on the pleadings.
NOTES
[1] Sections 8541-8564 of the Judicial Code, 42 Pa. C. S. §8541-8564, formerly Political Subdivision Torts Claim Act, Act of November 26, 1978, P.L. 1399, as amended, 53 P.S. §5311.101-5311.803, repealed by the Act of October 5, 1980, P.L. 693.
[2] Pa. R.C.P. No. 1034. Motion for Judgment on the Pleadings.

(a) After the pleadings are closed, but within such time as not to delay the trial, any party may move for judgment on the pleadings.
(b) The court shall enter such judgment or order as shall be proper on the pleadings.
The Rule of Appellate Procedure involved provides:
Pa. R.A.P. 1926. Correction or Modification of the Record
If any difference arises as to whether the record truly discloses what occurred in the lower court, the difference shall be submitted to and settled by that court after notice to the parties and opportunity for objection, and the record made to conform to the truth. If anything material to either party is omitted from the record by error or accident or is misstated therein, the parties by stipulation, or the lower court either before or after the record is transmitted to the appellate court, or the appellate court, on proper suggestion or of its own initiative, may direct that the omission or misstatement be corrected, and if necessary that a supplemental record be certified and transmitted. All other questions as to the form and content of the record shall be presented to the appellate court.
[3] Appellants' original complaint sets forth the following injuries to Miss Merritt: severe emotional distress including depression, anxiety, nervousness, loss of appetite, social withdrawal, nightmares, sleeplessness, preoccupation with the rape incident, fearfulness and academic decline, to a degree requiring prolonged medical treatment.
[4] Appellants also argue that appellee is liable for negligent acts on the basis of the "special relationship" doctrine commonly used as an exception to the "no duty" rule involving police protection. The no duty rule was defined by the Superior Court in Chapman v. City of Philadelphia, 290 Pa. Superior Ct. 281, 434 A.2d 753 (1981). We decline to apply this special relationship concept as defined by the Superior Court in the case sub judice.