## Marinucci v. PennDOT

*Frank A. Mazzeo, Jr.,* for plaintiff.
*Michael B. Sutton, deputy attorney general,* for the commonwealth.

WALSH, *P.J.,* September 8, 1987—This matter is before the court by way of defendant's preliminary objections to plaintiff's amended complaint.

On April 18, 1985, the Department of Transportation discharged plaintiff after 16 years in its employ. The department reasoned that such termination had been brought about by the fact that plaintiff was unable to complete a probationary period in a satisfactory manner. The department further cited

the fact that during the last three months of his employment, plaintiff had been available for work on only one occasion, reducing plaintiff's status to "absent without leave." Plaintiff states that in January of 1985, he became so ill that he was unable to perform his job duties, and thus should be excused from his responsibilities until his health improved.

Plaintiff filed an amended complaint against defendant asking the court to direct immediate reinstatement of plaintiff to his former employ; direct that all compensation and accrual of retirement and fringe benefits be awarded from April 16, 1985 to the present; reasonable attorney's fees as provided by statute; and damages in excess of $20,000 for wrongful termination.

Defendant specifically preliminarily objects as follows:

(1) The claims against the department are barred by sovereign immunity.

(2) The amended complaint fails to state a claim against defendant.

(3) The Court of Common Pleas of Lackawanna County has no jurisdiction over the claims.

(4) Venue does not lie in Lackawanna County.

(5) Plaintiff failed to attach a copy of the contract.

## DISCUSSION

Plaintiff comes before this court by way of an amended complaint and prays that this court dismiss defendant's preliminary objections on the grounds that the complaint sounds in contract and not in tort. Plaintiff argues that sovereign immunity is not waived when the cause of action lies in contract and cites 24 Pa.C.S. §8522 (a) which states:

"(a) *Liability imposed.* The general assembly, pursuant to section 11, of Article I of the Constitu-

tion of Pennsylvania, does hereby waive, in the instances set forth in subsection (b) only and only to the extent set forth in this subchapter and within the limits set forth in section 8528 (relating to limitations on damages), sovereign immunity as a bar to an action against commonwealth parties for damages arising out of a negligent act where the damages would be recoverable under the common law or a statute creating a cause of action if the injury were caused by a person not having available the defense of sovereign immunity." Relying on the language . . . ."for damages arising out of a negligent act . . ." the plaintiff argues that a wrongful termination is a contractural breach and not a tortious cause of action. However, plaintiff cites no authority in support of this argument.

In the case sub judice, the court finds that a cause of action for wrongful discharge is one sounding in tort. In *Allio v. Pennsylvania Department of Transportation,* no. 84 Civil 723, the Court of Common Pleas of Lehigh County specifically held that an action brought by plaintiff in wrongful discharge does not fall within any of the exceptions to barring liability found in 42 Pa.C.S. §8522(b) which are: (1) vehicle liability; (2) medical professional liability; (3) care, custody or control of personal property; (4) commonwealth real estate, highways and sidewalks; (5) potholes and other dangerous conditions; (6) care, custody and control of animals; (7) liquor store sales; and (8) National Guard activities. This court is in agreement with the Lehigh County Court that a cause of action for wrongful discharge is one in tort and does not fall within any of the above mentioned exceptions to sovereign immunity.

Further, in *Poliskiewicz v. East Stroudsburg University,* no. 1559 of 1985, the Court of Common

Pleas of Monroe County held "[N]one of the above categories (i.e. 42 Pa.C.S. §8522(b)) can be construed to authorize suit for wrongful discharge from employment." The Monroe County Court cites the Commonwealth Court's decision in *Davidow v. Anderson,* 83 Pa. Commw. 86, 476 A.2d 998 (1984) wherein the court stated:

"We interpret this section as being evidence of an intent on the part of the General Assembly to exempt the sovereign from immunity only in specific, clearly stated situations and that it is our duty, therefore, strictly to construe the above sections."

The Commonwealth Court has held that sovereign immunity can be rasied by preliminary objections when the defense is apparent on the face of the pleading under attack. *Ziccardi v. School District of Philadelphia,* 91 Pa. Commw. 595, 498 A.2d 452 (1985). A review of the preliminary objections filed by the Department of Transportation reveals that the defense of immunity from suit is apparent on the face of the pleadings.

The law of this commonwealth holds that a cause of action for wrongful discharge against the state's branch of government can be dismissed under the doctrine of sovereign immunity. This court rules that the doctrine of sovereign immunity applies in the case sub judice and, therefore, grants defendant's preliminary objection as to sovereign immunity. Because this doctrine serves to dismiss the cause of action against defendant, the other preliminary objections will not be addressed.

## ORDER

Now, this September 8, 1987, it is hereby ordered and decreed that defendant's preliminary objection to plaintiff's amended complaint in the nature of sovereign immunity from suit is hereby granted.