## Serrano v. Pennsylvania State Police

*Nicholas Noel III*, for plaintiff.
*William A. Slotter*, for defendants.

WILLIAMS, *P.J.*, November 29, 1988 — Presently before the court is the commonwealth's motion

for judgment on the pleadings. The commonwealth requests judgment in its favor based on its position that plaintiff's cause of action does not fit within any exception to the general grant of sovereign immunity as set forth in 42 Pa.C.S. §8522(b). Plaintiff contends that the facts alleged in his complaint are sufficient to bring the cause of action within the "care, custody or control of personal property" exception to sovereign immunity under 42 Pa.C.S. §8522(b)(3).

The complaint alleges that on January 16, 1987, plaintiff was arrested by City of Bethlehem police officers and charged with possession of heroin. On that same date, plaintiff was incarcerated in the Northampton County Prison. The Bethlehem police officers removed a vial of white powder from plaintiff and delivered it to the Pennsylvania State Police Regional Laboratory for analysis on January 20, 1987, to determine if the substance was, in fact, heroin. The State Police failed to analyze the substance until April 14, 1987. The criminalist who conducted the analysis determined that the white powder contained primarily aspirin. Upon receipt of the laboratory report, the district attorney of Northampton County petitioned the court to dismiss charges against plaintiff and plaintiff was subsequently released from prison on May 15, 1987.

Our courts have held that a motion for judgment on the pleadings is the equivalent of a preliminary objection in the nature of a demurrer. *Engel v. Parkway Co.*, 439 Pa. 559, 561, 266 A.2d 685, 686 (1970); *Merritt v. Board of Education of School District of Philadelphia*, 99 Pa. Commw. 178, 181, 513 A.2d 504, 506 (1986); *Singer v. School District of Philadelphia*, 99 Pa. Commw. 553, 554, 513 A.2d 1108, 1109 (1986). Therefore, our review entails an application of the standard governing the grant of a

demurrer. We must consider as true all well-pleaded facts in the complaint, together with all reasonable inferences to be drawn from those facts. *Engel* . at 561, 266 A.2d at 686; *Reuben v. O'Brien*, 91 Pa. Commw. 80, 82, 496 A.2d 913, 915 (1985). We note that our review is confined to the pleadings alone. *Vogel v. Berkley*, 354 Pa. Super. 291, 296, 511 A.2d 878, 880 (1986); *AFL-CIO v. Commonwealth*, 108 Pa. Commw. 155,.158, 529 A.2d 1143, 1144 (1987). Before the motion will be granted, it must be clear on the face of the pleadings that the law will not permit recovery. The case must be clear and free from doubt. *Merritt* at 181, 513 A.2d at 506; *Bailey v. Harleysville Mutual Insurance Co.*, 341 Pa. Super. 420, 424, 491 A.2d 888, 890 (1985).

Plaintiff alleges that defendants were "negligent and careless in failing to take proper care in processing of said crushed powder." In paragraph 12A-J, plaintiff alleges numerous instances of negligent conduct. Each allegation addresses either defendants' failure to act expeditiously with regard to analyzing the substance or failure to follow, or establish, proper procedures to insure against the type of delay which occurred. For the reasons which follow, we have concluded that plaintiff's allegations of negligence do not fall within the "care, custody and control of personal property" exception to sovereign immunity.

42 Pa.C.S. §8522(a) specifically waives the bar of sovereign immunity for alleged negligent commonwealth actions, but *only* to the extent of the eight enumerated exceptions in subsection (b). The subsection at issue here is (b)(3):

*"Care, custody or control of personal property —*

"The care, custody or control of personal property in the possession or control of the commonwealth parties, including commonwealth-owned personal

property and property of persons held by a commonwealth agency, except that the sovereign immunity of the commonwealth is retained as a bar to actions on claims arising out of commonwealth agency activities involving the use of nuclear and other radioactive equipment, devices and materials."

The court's duty is to strictly construe the exceptions set forth in section 8522(b). *Davidow v. Anderson*, 83 Pa. Commw. 86, 91, 476 A.2d 998, 1000 (1984).

A narrow construction of section 8522(b)(3) reveals that the entire basis for plaintiff's cause of action is defendant's failure to act expeditiously with regard to analysis of the powdery substance. In order for section 8522(b)(3) to apply, the personal property itself must be in some manner responsible for the injury. *Nicholson v. Commonwealth*, 94 Pa. Commw. 521, 526, 503 A.2d 1106, 1108 (1986). Plaintiff's complaint does not plead such responsibility. Although the powdery substance was the object of the commonwealth's conduct, i.e. analysis, it was not *causally* related to plaintiff's damages.

In *Nicholson*, the commonwealth failed to disclose the existence of an individual's prior criminal record. That individual was then hired by a private security agency to serve as a security guard in a bank. The guard took a teller hostage and robbed the bank. In the teller's lawsuit against the commonwealth, she alleged that her suit fell within the section 8522(b)(3) exception. The court held that sovereign immunity barred the teller's claim. It found that the criminal records themselves were not involved in the chain of causation. Only the commonwealth's negligent search of those records was involved. Actual "care" or "custody" did not cause injury. *Id.*

An earlier case, *Vaughn v. Commonwealth*, 46 Pa. Commw. 101, 405 A.2d 1119 (1979), applied the same principle. There plaintiff was struck in the face by a portion of an allegedly defective baseball bat while playing in a baseball game operated by the Pennsylvania Department of Public Welfare. The court applied section 8522(b)(3) and found that the baseball bat was clearly personal property within the control of the Department of Public Welfare and caused the injuries.

The causation element articulated in *Nicholson* and *Vaughn* requires that the personal property alleged to be in the commonwealth's care, custody, or control, must be directly involved in the chain of causation. As nebulous as the phrase "chain of causation" may be, we find that the vial of white powder in this case was not involved in the chain of causation to the extent required by *Nicholson* and *Vaughn*. Plaintiff alleges that the commonwealth failed to act expeditiously, or failed to follow, or establish, procedures which would ensure that it would act expeditiously when necessary. It was this failure to analyze the substance in a timely manner that allegedly caused plaintiff's injuries. It is thus very similar to the negligent search of criminal records in *Nicholson*, which held that the personal property exception to sovereign immunity did not apply.

Although the property at issue in *Nicholson* was commonwealth-owned property, i.e. criminal records, we do not find that the fact that the property involved herein was plaintiff's personal property affects *Nicholson's* application. Section 8522(b)(3) applies equally in both situations and, therefore, the causation element present in *Nicholson* applies regardless of who owns the property. The key element

is whether that property is in the commonwealth's care, custody or control.

## ORDER OF COURT

And now, November 29, 1988, defendants' motion for judgment on the pleadings is granted and plaintiff's complaint is dismissed. Plaintiff shall have 20 days from the date of this order to file an amended pleading.