630 A.2d 932

CSX TRANSPORTATION, INC.

v.

FRANTY CONSTRUCTION, Lawrence Franty t/d/b/a Franty Construction Company, Richter Trucking Company and Orville Richter t/d/b/a Richter Trucking Company.

Appeal of COMMONWEALTH of Pennsylvania, DEPARTMENT OF ENVIRONMENTAL RESOURCES, Appellant.

Commonwealth Court of Pennsylvania.

Argued June 14, 1993.

Decided Aug. 17, 1993.

Brian H. Baxter, Deputy Atty. Gen., for appellant.

David P. Helwig, for appellee.

Before PALLADINO and PELLEGRINI, JJ., and NARICK, Senior Judge.

PALLADINO, Judge.

Commonwealth of Pennsylvania, Department of Environmental Resources (DER) appeals an order of the Court of Common Pleas of Fayette County (trial court) which denied DER's preliminary objection in the nature of a demurrer to the complaint filed by CSX Transportation, Inc. (CSX). We reverse.

CSX operates a railroad system in the eastern United States which includes two main line tracks along the northerly bank of the Youghiogheny River. On March 31, 1992, CSX filed a complaint against DER, Lawrence Franty t/d/b/a Franty Construction Company (Franty), and Orville Richter t/d/b/a Richter Trucking Company (Richter) alleging that as a result of the defendants' negligence, a landslide emanated from a strip mine known as the Shipley Mine. CSX further alleged that the landslide material encroached on its right-of-way along the Youghiogheny, causing damage to its signal and communications equipment, delaying its train movements, and subjecting its train operations to serious risk of catastrophic derailment.

DER filed preliminary objections in the nature of a demurrer to CSX's complaint, asserting that all claims against it are barred by sovereign immunity. In response, CSX filed a brief in opposition to the preliminary objections,[1] asserting that the complaint states a claim for which DER may be liable under the motor vehicle, personal property and/or real estate exceptions to sovereign immunity.[2] CSX further asserted that

1. As this court has noted on numerous occasions, the defense of sovereign immunity is an affirmative defense that should have been raised by new matter in DER's answer to CSX's complaint, not in preliminary objections. *Powell v. Drumheller*, 153 Pa.Commonwealth Ct. 571, 621 A.2d 1197 (1993); Pa.R.C.P. 1030. However, because CSX has waived its right to challenge the propriety of DER's action by not filing preliminary objections to DER's preliminary objections, we will address the issues presented by the demurrer.

2. Section 8522(b) of the Judicial Code (Code), 42 Pa.C.S. § 8522(b).

DER may be liable for negligent activity that occurred prior to September 28, 1978, the effective date of the predecessor to the current sovereign immunity statute.[3]

Following oral argument, the trial court concluded that it was not clear whether CSX's claim could be sustained or whether it is barred by sovereign immunity. Accordingly, the trial court entered an order denying DER's preliminary objection. Following certification of the trial court's order, DER petitioned this court for permission to appeal which petition was granted.

On appeal to this court,[4] three issues are presented: (1) whether the complaint states a cause of action against DER within the scope of the real estate exception to sovereign immunity; (2) whether the complaint states a cause of action against DER within the scope of the motor vehicle and/or personal property exceptions to sovereign immunity; and (3) whether the complaint states a cause of action against DER based upon DER's alleged negligence prior to September 28, 1978.

 The question presented by a demurrer is whether, on the facts averred, the law says with certainty that no recovery is possible. *Scarpitti v. Weborg,* 530 Pa. 366, 609 A.2d 147 (1992). In resolving this question, the court must accept as true all well-pleaded allegations and material facts averred in the complaint, as well as all reasonable inferences deducible therefrom. *Powell v. Drumheller,* 153 Pa. Commonwealth Ct. 571, 621 A.2d 1197 (1993). Where a doubt exists as

3. In *Mayle v. Pennsylvania Department of Highways,* 479 Pa. 384, 388 A.2d 709 (1978) the supreme court abrogated the doctrine of sovereign immunity. As a result, the legislature enacted the Act of September 28, 1978, P.L. 788, Act No. 152–1978 (Act 152) which restricted the circumstances under which the Commonwealth may be held liable. Act 152 has since been replaced by section 8522 of the Code.

4. Our scope of review is limited to determining whether the trial court committed an error of law or an abuse of discretion. *Wurth by Wurth v. City of Philadelphia,* 136 Pa.Commonwealth Ct. 629, 584 A.2d 403 (1990).

to whether a demurrer should be sustained, the doubt must be resolved in favor of overruling it. *Id.*

■ The first issue presented concerns the real estate exception to sovereign immunity. In its complaint, CSX asserts that DER had possession and control over the Shipley Mine area because it issued mining permits covering the Shipley Mine area; obtained a preliminary injunction against Richter, the company mining the area; conducted a bond forfeiture proceeding against Richter; and contracted with others for reclamation of the Shipley Mine site.

DER argues that accepting the allegations in CSX's complaint as true, CSX has failed to state a cause of action against DER because the property from which the landslide emanated was never owned by DER nor did DER ever enter into a leasehold interest concerning this property. DER further argues that the entire sequence of events as related in CSX's complaint concern DER's failure to regulate and supervise private property or to properly enforce mining regulations, allegations which do not give rise to a claim under the real estate exception to sovereign immunity.

■ Because the legislature intended to exempt the Commonwealth from immunity in specific, clearly defined situations, the exceptions to sovereign immunity must be strictly construed. *Snyder v. Harmon,* 522 Pa. 424, 562 A.2d 307 (1989). The real estate exception to sovereign immunity provides in pertinent part as follows:

(b) Acts which may impose liability.—The following acts by a Commonwealth party may result in the imposition of liability on the Commonwealth and the defense of sovereign immunity shall not be raised to claims for damages caused by:

(4) Commonwealth real estate, highways and sidewalks.—A dangerous condition of Commonwealth agency real estate and sidewalks, including Commonwealth-owned real property, leaseholds in the possession of a Commonwealth agency and Commonwealth-owned real

property leased by a Commonwealth agency to private persons....

42 P.S. § 8522(b)(4).

This court has interpreted the above cited section as requiring the Commonwealth agency to have title, ownership, physical possession or actual control over the real property in question. *Snyder v. Harmon*, 102 Pa.Commonwealth Ct. 519, 519 A.2d 528 (1986), *rev'd on other grounds*, 522 Pa. 424, 562 A.2d 307 (1989). It is undisputed that DER did not have title, ownership or physical possession of the Shipley Mine. CSX argues, however, that DER's involvement with the strip mining and reclamation of the mine amounted to constructive possession or actual control, thus rendering DER potentially liable under the real estate exception to sovereign immunity. We do not agree.

In *Snyder*, suit was initiated against DER after a serious accident at a strip mine. The plaintiffs alleged that DER was negligent in, *inter alia*, failing to require the strip mine operator (Harmon) to put a fence around the portion of a highwall that bordered on a Commonwealth highway; allowing Harmon to use the highway drainage ditch to prevent water from running into the strip mine; failing to warn of the existence of the strip mine highwall; failing to inspect and enforce strip mining regulations; and allowing the embankment to encroach upon Commonwealth property along the highway.

This court concluded that these allegations were insufficient to state a cause of action against DER under the real estate exception to sovereign immunity. Specifically, we stated, "[t]he mere fact that certain property or operations are subject to licensing and inspection by a Commonwealth agency is not, in and of itself, sufficient to state a claim cognizable under Section 8522(b)." *Snyder*, 102 Pa.Commonwealth Ct. at 525, 519 A.2d at 531.

The facts alleged in CSX's complaint are similar to those asserted in *Snyder*. The basis of CSX's complaint is the failure of DER to properly regulate the various mining and

reclamation activities that took place on privately owned property. Licensing, inspection and regulation of a strip mine are not equivalent to actual control over the operation of a strip mine or the reclamation of a strip mine. Therefore, we conclude that CSX has failed to state a claim against DER which falls within the real estate exception to sovereign immunity.

■ The second issue presented is whether CSX's complaint states a cause of action against DER which falls within the motor vehicle and/or personal property exceptions to sovereign immunity. These exceptions provide in pertinent part as follows:

> (1) Vehicle liability.—The operation of a motor vehicle in the possession or control of a Commonwealth party. As used in this paragraph, "motor vehicle" means any vehicle which is self-propelled and any attachment thereto, including vehicles operated by rail, through water or in the air. (3) Care, custody or control of personal property.—The care, custody or control of personal property in the possession or control of Commonwealth parties, including Commonwealth-owned personal property and property of persons held by a Commonwealth agency ...

42 Pa.C.S. § 8522(b)(1), (3).

In its complaint, CSX avers that the strip mine reclamation work for which DER contracted with Franty Construction Company was performed using various motor vehicles and other forms of personal property. CSX further avers that Franty was subject to the direction and control of DER and acted as its agent. Finally, CSX avers that Franty's work failed to abate the landslide because DER negligently issued inadequate specifications and because Franty negligently performed the reclamation work. CSX claims that these allegations are sufficient to state a cause of action against DER which falls within the motor vehicle and/or personal property exceptions to sovereign immunity.

DER contends that CSX failed to state a claim against it because the personal property was owned by independent

contractors who operated the equipment pursuant to permits issued by DER to strip mine private property and then to reclaim the strip mine. Further, DER argues it cannot be held liable because it did not operate any of the equipment; it merely regulated the overall activity that occurred on privately owned property.

We find *Kline v. Pennsylvania Mine Corporation,* 120 Pa.Commonwealth Ct. 7, 547 A.2d 1276 (1988) to be controlling with respect to this issue. In *Kline,* the plaintiffs brought suit against DER asserting that its failure to insure mine safety, and its alleged failure to enforce regulations related thereto, rendered it liable for injuries sustained in a mine explosion allegedly caused by a spark from a jeep locomotive tractor. Both the real property upon which the mine was located and the jeep were privately owned. This court concluded that the allegations of DER's negligence constituted negligent "policies or activities", and not circumstances encompassed by the exceptions to sovereign immunity.

As previously noted, the basis of CSX's complaint is the failure of DER to properly regulate the various mining and reclamation activities that took place on privately owned property using privately owned and operated personal property and vehicles. Based on *Kline,* we decline to expand the interpretation of the terms "possession or control" to include such activities. Accordingly, we conclude that CSX has failed to state a cause of action against DER which falls within the motor vehicle or personal property exceptions to sovereign immunity.

■ The third and final issue presented concerns whether DER may be held liable for allegedly negligent activities that occurred prior September 28, 1978, the effective date of the sovereign immunity statute. In its complaint, CSX asserts that on March 23, 1978, DER issued a mine drainage permit to Richter and that at some time prior to February 22, 1979 DER issued a mining permit to Richter. CSX then alleges that DER's actions in issuing the permits were negligent. CSX contends that these allegations are sufficient to state a

cause of action against DER for pre-September 28, 1978 negligent activities.

DER asserts that CSX's claim is barred by the application of sovereign immunity because CSX did not obtain any right to seek monetary relief until June 26, 1989 when the landslide encroached upon and arguably damaged CSX property. We agree.

 In *Marino v. Seneca Homes,* 63 Pa.Commonwealth Ct. 534, 439 A.2d 1287 (1981), *appeal dismissed,* 499 Pa. 61, 451 A.2d 444 (1982) this court stated that as to causes of action which accrued prior to September 28, 1978, the defense of sovereign immunity will not lie. Thus, the critical inquiry with regard to this issue is the date CSX's cause of action against DER accrued. A cause of action in tort arises on the date of injury. *Connaught Laboratories v. Lewis,* 124 Pa.Commonwealth Ct. 568, 557 A.2d 40, *petition for allowance of appeal denied,* 523 Pa. 650, 567 A.2d 654 (1989). Accordingly, CSX's cause of action could not have accrued prior to June 26, 1989, the date CSX avers in its complaint that the landslide began to encroach on its right-of-way.

Because CSX's purported cause of action against DER did not accrue until after September 28, 1978, the date the legislature enacted statutory sovereign immunity, and does not fall within any of the eight exceptions to sovereign immunity set forth at sections 8522(b)(1)–(9) of the Code, we conclude that CSX has failed to state a cause of action against DER. Accordingly, we reverse the order of the trial court and remand the matter with instructions to sustain DER's preliminary objection in the nature of a demurrer to CSX's complaint.

## ORDER

AND NOW, August 17, 1993, the order of the Court of Common Pleas of Fayette County in the above-captioned matter is reversed. The matter is remanded to the trial court with instructions to sustain the preliminary objection in the

nature of a demurrer of the Commonwealth of Pennsylvania, Department of Environmental Resources.

Jurisdiction relinquished.