**Gardner v. Kiski Realty Co.**

C.P. of Armstrong County, no. 2000-0544-Civil.

*Ronald W. Crouch* and *Kelly A. Williams,* for plaintiffs.

*James A. Favero,* for defendant Wilkerson and Booker.

*Robert Andrews Jr.,* for defendant Commonwealth.

*Al Lander* and *Linda L. Cloak,* for defendant Kiski Realty.

NICKLEACH, *P.J.*, June 17, 2003—Currently before the court for disposition is the Commonwealth of Pennsylvania's motion for summary judgment.

## FACTS

This suit arises out of an incident in which the plaintiffs suffered various injuries after lighting a match on property owned by Wilkerson and Booker, and under which Kiski owned a stratum of coal. Additionally, the plaintiffs allege that Kiski owns an abandoned mine on the property and that the Commonwealth defendants had a duty to maintain the mine seal.

The plaintiffs were minors at the time of the accident, and were trespassing upon the land. The complaint alleges that the "area in front of the mine is notoriously frequented by minors." (¶19.) When the plaintiffs stopped to rest in front of the abandoned mine entrance, they struck a match to light a cigar. Methane gas emanating from the mine entrance caused them to burst into flames and prevented them from extinguishing those flames while in the immediate area. Both plaintiffs were severely burned.

The plaintiffs brought suit for their injuries in eight counts, the last four of which deal with the Commonwealth defendants named in the caption. Count V is for negligent breach of a duty imposed by 52 P.S. §28.5, and Count VI is for negligence per se based upon violation of that statutory section. Count VII is for negligent breach of a duty imposed by 52 P.S. §810, and Count VIII is for negligence per se based upon violation of that statutory section.

## ISSUE

Whether the Commonwealth defendants are immune from suit under the facts of this case.

## DISCUSSION

Granting a motion for summary judgment is a serious act for a court because it ends a lawsuit before all parties have presented all of their evidence. *Scopel v. Donegal Mutual Insurance Co.,* 698 A.2d 602, 605 (Pa. Super. 1997). Therefore, summary judgment may only be "granted where 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law' . . . . 'The record must be viewed in the light most favorable to the nonmoving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party' . . . . Summary judgment may be entered only in those cases where the right is clear and free from doubt." *Ducjai v. Dennis,* 540 Pa. 103, 113, 656 A.2d 102, 107 (1995). (citations omitted)

We have applied this standard to the body of law surrounding the Commonwealth's sovereign immunity from suit and the statutory exceptions thereto.

Subject to specifically-enumerated, narrowly-construed exceptions, the Commonwealth defendants enjoy sovereign immunity from suit. They maintain that the facts of this case do not fall within any of the statutory exceptions to sovereign immunity as interpreted by the appellate courts of the Commonwealth.

Facially, one of these exceptions to sovereign immunity, contained in 42 Pa.C.S. §8522(b), could possibly be applicable to the facts of this case. This is the general real estate exception, which the plaintiffs contend applies because the Commonwealth's statutory duty to maintain mine seals places it in actual control of the realty. It states as follows:

"(b) . . . the defense of sovereign immunity shall not be raised to claims for damages caused by: . . .

"(4) Commonwealth real estate, highways and sidewalks.—A dangerous condition of Commonwealth agency real estate and sidewalks, including Commonwealth-owned real property, leaseholds in the possession of a Commonwealth agency and Commonwealth-owned real property leased by a Commonwealth agency to private persons . . . ." 42 Pa.C.S. §8522(b)(4).

The plaintiffs also contend that if mine seals are not realty, they must be personal property under the actual control of the Commonwealth, and that the similar personal property exception at 42 Pa.C.S. §8522(b)(3) would be applicable.

Initially, we note that the statutory exceptions are an act of legislative grace which constitute consent to be sued in spite of sovereign immunity. Thus, the Pennsylvania Supreme Court has consistently held that the legislative intent in enacting the exceptions was that they must be construed narrowly. *Jones v. SEPTA,* 565 Pa. 211, 219, 772 A.2d 435, 440 (2001); *Finn v. City of Philadelphia,* 541 Pa. 596, 601, 664 A.2d 1342, 1344 (1995); *Snyder v. Harmon,* 522 Pa. 424, 433, 562 A.2d 307, 312 (1989).

In their brief (p. 8), the plaintiffs admit that the Commonwealth does not hold title or an ownership interest in the mine or mine seal; nor is the Commonwealth in physical possession of the mine or mine seal that allegedly gave rise to their injuries. Rather, they argue that the Commonwealth defendants' statutory right and/or duty to enter, inspect, and maintain the mine and mine seal constitute actual control sufficient to satisfy the personal and real property exceptions at 42 Pa.C.S. §8522(b)(3) and (4).

In applying the real estate exception, the Commonwealth Court has found that rights and duties regarding permitting and inspection were not sufficient to satisfy the requirement of possession or actual control under section 8522(b). In *CSX Transportation Inc. v. Franty Construction,* 157 Pa. Commw. 620, 630 A.2d 932 (1993), the court stated:

"In its complaint, CSX asserts that DER had possession and control over the Shipley Mine area because it issued mining permits covering the Shipley Mine area; obtained a preliminary injunction against Richter, the company mining the area; conducted a bond forfeiture proceeding against Richter; and contracted with others for reclamation of the Shipley Mine site.

"DER argues that accepting the allegations in CSX's complaint as true, CSX has failed to state a cause of action against DER because the property from which the landslide emanated was never owned by DER nor did DER ever enter into a leasehold interest concerning this property. DER further argues that the entire sequence of events as related in CSX's complaint concern DER's fail-

ure to regulate and supervise private property or to properly enforce mining regulations, allegations which do not give rise to a claim under the real estate exception to sovereign immunity. . . .

"This court has interpreted the above cited section [42 P.S. §8522(b)(4)] as requiring the Commonwealth agency to have title, ownership, physical possession or actual control over the real property in question. *Snyder v. Harmon,* 102 Pa. Commw. 519, 519 A.2d 528 (1986), *rev'd on other grounds,* 522 Pa. 424, 562 A.2d 307 (1989). It is undisputed that DER did not have title, ownership or physical possession of the Shipley Mine. CSX argues, however, that DER's involvement with the strip mining and reclamation of the mine amounted to constructive possession or actual control, thus rendering DER potentially liable under the real estate exception to sovereign immunity. We do not agree." 157 Pa. Commw. at 625-26, 630 A.2d at 934-35.

In *CSX,* the Commonwealth had greater and temporally closer involvement with the mining operation than in the instant case. It had more reason to suspect a potential problem than in the instant case. Still, the court held that the Commonwealth's involvement, rights, and duties did not rise to the level of constructive possession or actual control sufficient to satisfy 42 P.S. §8522(b)(4).

The personal property exception to sovereign immunity was also raised in *CSX.* It likewise was held to be inapplicable for lack of sufficient possession or control by the Commonwealth under the facts of the case. 157 Pa. Commw. at 627-28, 630 A.2d at 936. The court relied upon *Kline v. Pennsylvania Mines Corporation,* 120

Pa. Commw. 7, 547 A.2d 1276 (1988), wherein the plaintiffs brought suit against DER for failure to insure mine safety and failure to enforce regulations allegedly resulting in injuries sustained in a mine explosion caused by a spark from a jeep locomotive tractor. The mine and jeep were privately owned. The Commonwealth Court concluded that the allegations of DER's negligence constituted negligent "policies or activities," and not circumstances encompassed by the exceptions to sovereign immunity. The court declined to expand the interpretation of the terms "possession or control" to include negligent supervision within the motor vehicle or personal property exceptions to sovereign immunity. *CSX,* 157 Pa. Commw. at 628, 630 A.2d at 936.

Thus, before a plaintiff can even reach the issue of defects or dangerous conditions of property, he must show that the Commonwealth held a sufficient interest in that property. Under the rules stated above in *CSX* and *Kline,* the instant plaintiffs have fallen far short of that mark.

The plaintiffs cite no case in which the Commonwealth was deemed to have been in actual control of property for purposes of exceptions to statutory immunity under facts similar to those of the instant case. Our independent research has likewise uncovered no such case.[1] Their

---

1. We did find a substantial number of annotations for cases in which novel theories were held invalid. For example:

Department of Transportation's authority to revoke a motorist's operating license was not sufficient to bring license within the physical possession or actual control of the Department within meaning of the exclusive control of personal property exception to sovereign immunity, even though Department may have had duty to revoke the license; thus, husband's suit against Department for its failure to revoke the license, after his wife was killed by motorist who suffered

theory of recovery is novel and creative. This approach must fail in an arena where the courts have determined that narrow construction of statutory exceptions to sovereign immunity is the law. Also instructive was *Sweeney v. Merrymead Farm Inc.,* 799 A.2d 972 (Pa. Commw. 2002), which was decided in the parallel statutory arena of exceptions to governmental immunity for local agencies. In that case, the plaintiffs were harmed by disease spread through animals owned by the farm, which was subject to inspection and regulation by the county health board. The court held that inspection and regulation (which actually occurred and revealed the presence of disease) did not amount to possession or actual control sufficient to penetrate governmental immunity. 799 A.2d at 978-79.

---

heart attack while driving, was barred by doctrine of sovereign immunity. *Giovannitti v. PennDOT,* 113 Pa. Commw. 572, 537 A.2d 966 (1988), *appeal denied,* 519 Pa. 669, 548 A.2d 258 (1988).

Memorandum of understanding between Fish Commission and United States Army Engineer District, which imposed on District duty to consult with Commission relative to marking of lake with buoys and posting of speed limits, did not establish Commonwealth's interest in "care, custody or control of personal property" which would thereby waive Commission's sovereign immunity defense to injured boat owner's and passenger's damages action predicated on negligence and strict liability, as buoys were not under Commission's custody or control. *Davidow v. Anderson,* 83 Pa. Commw. 86, 476 A.2d 998 (1984).

Memorandum of understanding between state Fish Commission and United States Army Engineer District did not establish Commonwealth's interest in real estate which would waive Commission's sovereign immunity defense to injured boat owner's and passenger's damages action predicated on negligence and strict liability, as lake was neither owned nor leased by Commonwealth. *Davidow v. Anderson,* 83 Pa. Commw. 86, 476 A.2d 998 (1984).

In addition to showing that a factual scenario falls within a particular exception to the doctrine of sovereign immunity, a plaintiff must also show that the tort complained of is cognizable at common law.

"The General Assembly . . . does hereby waive . . . sovereign immunity as a bar to an action against Commonwealth parties, for damages arising out of a negligent act *where the damages would be recoverable under the common law or a statute creating a cause of action* if the injury were caused by a person not having available the defense of sovereign immunity." 42 Pa.C.S. §8522(a). (emphasis supplied)

Although not fully developed by the parties, the ability of the plaintiffs to make out a case at common law against the Commonwealth defendants is suspect. For negligence to lie, there must be duty owed, a breach thereof, legal causation, and harm to the plaintiffs.[2] For

---

2. A case in which a tree fell onto a motorist, *Patton v. PennDOT,* 669 A.2d 1090 (Pa. Commw. 1996), provides an interesting analysis of proving all elements of common law negligence, notice to the Commonwealth even in section 8522(b)(4) cases, when the duty to inspect arises, and maintaining highways in a reasonably safe condition. This case was reversed in *PennDOT v. Patton,* 546 Pa. 562, 686 A.2d 1302 (1997).

The issue on appeal was an erroneous refusal to give a specific jury instruction regarding notice to the Commonwealth that the tree was in danger of falling. The Commonwealth Court only analyzed *sufficiency* of the evidence, and the analysis seems to have been good as far as it went, but the court reached an incorrect result because the analysis did not go far enough. The existence of a dangerous condition (and by extension whether it was reasonably discoverable) is a question of fact for the jury, which cannot decide correctly, regardless of the evidence, if it is not properly instructed on the law. Even though it was reversed, the Commonwealth Court *Patton* is instructive on the broader scope of issues and sufficiency of evidence necessary for a case of this type.

the same reasons enunciated in our opinion in this case filed on April 23, 2001, we believe that 52 P.S. §§28.5 and 810 do not create a private right of action or define a duty or standard of care with respect to these particular plaintiffs.

Furthermore, the causal chain between any inaction by the Commonwealth defendants and the plaintiffs' harm is extremely attenuated. In a negligence action, a plaintiff can be held responsible only for the foreseeable results of his action or inaction. In this case, it would seem that the plaintiffs were injured following a freakish course of events. With respect to the Commonwealth, they are no more entitled to recovery than was Helen Palsgraf. See *Palsgraf v. Long Island Railroad Co.,* 248 N.Y. 339, 162 N.E. 99 (1928).

After careful consideration of the entire record and oral argument by counsel for the parties, and applying the law of sovereign immunity and exceptions thereto, we conclude that no genuine issues of material fact exist with respect to the Commonwealth defendants. This is so because no possible interpretation of the facts could result in proper application of any statutory exception to sovereign immunity enjoyed by the Commonwealth. Therefore, the right to judgment in favor of the Commonwealth defendants is clear and free from doubt as a matter of law, and the Commonwealth defendants' motion for summary judgment will be granted.

An appropriate order will be entered.

## ORDER

And now, to-wit, June 17, 2003, after careful consideration of the oral arguments, pleadings, briefs, and other

documents filed by the parties in this case, we find that for the reasons stated in the foregoing opinion, the Commonwealth defendants are cloaked with sovereign immunity from suit in this case; now therefore, it is ordered, adjudged, and decreed that the Commonwealth defendants' motion for summary judgment be and hereby is granted, and Counts V, VI, VII, and VIII of the complaint are dismissed with prejudice.