547 A.2d 1276

Timothy J. Kline et al., Appellants *v.* Pennsylvania Mines Corporation et al., Appellees.

Frances L. Depto et al., Appellants *v.* Pennsylvania Mines Corporation et al., Appellees.

*Michael A. Sossong*, with him, *Thomas J. Sibert*, *Smorto, Persio, Zadzilko & Sibert*, for appellants.

*Eugene G. Berry*, Deputy Attorney General, with him, *Mark E. Garber*, Chief, Tort Litigation Unit,

*LeRoy S. Zimmerman,* Attorney General, and *Louis C. Long,* for appellees.

OPINION BY JUDGE COLINS, September 23, 1988:

We here consider the appeal of an order of the Court of Common Pleas of Indiana County which granted judgment on the pleadings in favor of the Commonwealth of Pennsylvania, Department of Environmental Resources (Department) and dismissed the Department from certain actions for personal injury and wrongful death instituted by persons (Appellants) involved in a mine explosion. Appellants in the instant matter are Timothy J. and Linda Kline, James and Brenda Lee Nadolsky, and the Administratrix of the Estates of Frances L. Depto, Gary L. Miller, and Stephen M. Parzatka. We must now determine whether allegations of the Department's purported breach of a statutory duty to insure mine safety, and its alleged failure to enforce regulations related thereto, render it liable in tort for injuries sustained by mine employees under the exceptions to sovereign immunity found in Section 8522 of the Judicial Code, 42 Pa. C. S. §8522.

In ruling on a motion for judgment on the pleadings, we must limit our review of the facts to those appearing in the pleadings themselves, keeping in mind that the moving party admits the truth of all allegations of his adversary and the untruth of his own allegations that have been denied. *Council 13, A.F.S.C.M.E. v. Commonwealth,* 108 Pa. Commonwealth Ct. 155, 529 A.2d 1143 (1987). Judgment on the pleadings should be entered only when the case is free from doubt and trial would be a fruitless exercise. *Id.*

The pleadings in the instant matter allege that the mine explosion which occurred on February 16, 1984, resulted from the accumulation of methane gas sparked by the ignition source of a battery-powered jeep loco-

motive tractor used for the transport of personnel. Appellants directed suit against not only the Department but also their employer, the Pennsylvania Mines Corporation, and the National Mine Service Company, the manufacturer and distributor of the tractor allegedly involved in the explosion.

As to the Department, the gravamen of appellants' allegations concerned its purported failure to perform its statutory obligation of insuring mine safety. According to appellants, this duty is found in Sections 101-706 of the Pennsylvania Bituminous Coal Mine Act, Act of July 17, 1961, *as amended,* P. L. 659, 52 P.S. §§701-101—701-706, and the regulations enacted thereunder. Specifically, appellants averred that the Department failed to adequately examine and inspect the mine itself, and the ventilation, roof and drainage systems; failed to keep accurate records of inspections; failed to close the mine despite knowledge that it posed an immediate danger; and employed inspectors who failed to make the required inspections of the ventilation systems.

The trial court granted the Department's motion for judgment on the pleadings on the basis that appellants had failed to allege circumstances falling within the exception to sovereign immunity pertaining to the care, custody and control of real property. *See* 42 Pa. C. S. §8522(b)(3). Emphasizing that the Department did not own either the mine or the jeep which allegedly caused the explosion, the trial court rejected appellants' contention that the Department's regulatory and enforcement powers were tantamount to a constructive holding of such property. This appeal followed.

Section 8522(b)(3) provides for an exception to the general grant of sovereign immunity for the "care[,] custody or control of personal property in the possession or control of Commonwealth parties, including Common-

wealth-owned personal property and property of persons held by a Commonwealth agency. . . ." Appellants submit that the Department's regulatory and enforcement powers gave it direct control over the mine and personalty therein for purposes of Section 8522(b)(3). We cannot agree. Their argument calls for an overly-expansive interpretation of the term "control" for purposes of this statute, and one which is unsupported by appellate authority.

Our Supreme Court has recently reiterated that the real property exception to governmental immunity must be narrowly interpreted. *Mascaro v. Youth Study Center*, 514 Pa. 351, 523 A.2d 1118 (1987) (construing Section 8542(b)(3) of the Judicial Code, 42 Pa. C. S. §8542(b)(3)).[1] *Mascaro* also instructs that the "real estate exception can only be applied to those cases where it is alleged that the artificial condition or defect of the land *itself* causes the injury." *Id.* at 363, 523 A.2d at 1124 (emphasis in original).

In *Buffalini v. Shrader*, 112 Pa. Commonwealth Ct. 228, 535 A.2d 684 (1987), we refused to equate a municipality's enactment of zoning ordinances with the exercise of "control" over the real property within its territorial boundaries for purposes of Section 8542(b)(3). Then noting that the term "possession" has not been so strictly construed to mean ownership, *Lowman v. Indiana Area School District*, 96 Pa. Commonwealth Ct. 389, 507 A.2d 1270 (1986), we further refused to interpret the term "possession" to include any purported "control" exercised by a municipality through its zoning ordinances. Similarly, we will not strictly construe "control" in the context of Section 8522(b)(3) to mean

---

[1] Section 8542(b)(3) provides for the imposition of liability on a local agency for the "care, custody or control of real property in the possession of the local agency. . . ."

ownership by a Commonwealth party. Strict construction aside, however, we find no support for appellants' contention that the Department excercised control over the mine and personalty via its regulatory and enforcement powers.

In *Shakoor v. Department of Transportation,* 63 Pa. Commonwealth Ct. 571, 440 A.2d 647 (1981), we rejected the argument that the Commonwealth Department of Transportation had created a dangerous condition of the highways within the meaning of 42 Pa. C. S. §8522(b)(4) by failing to revoke the operating privileges of an uninsured driver. Notably, we held that "the negligent actions averred by the appellant constitute[d] negligent policies or activities as opposed to 'a dangerous condition of Commonwealth . . . highways under the jurisdiction of Commonwealth agencies.' " *Id.* at 574, 440 A.2d at 649. *Accord Ruff v. Baum's Bologna, Inc.,* 97 Pa. Commonwealth Ct. 611, 510 A.2d 391 (1986), *petition for allowance of appeal denied,* 514 Pa. 651, 524 A.2d 497 (1987); *Walters v. Department of Transportation,* 81 Pa. Commonwealth Ct. 478, 474 A.2d 66 (1984).

Guided by *Shakoor* and progeny, and construing 42 Pa. C. S. §8522(b)(3) narrowly pursuant to *Mascaro,* we conclude that appellants' allegations of the Department's negligent inspection and regulatory enforcement constitute "negligent policies or activities" and not circumstances encompassed by the exception to sovereign immunity pertaining to the care, custody and control of real property.[2]

Accordingly, the order of the Court of Common Pleas of Indiana County is affirmed.

---

[2] It is our understanding that appellants abandoned their procedural challenge to the trial court's decision during the oral argument in this matter. We find no merit to this argument if we have misperceived their intent.

ORDER

AND NOW, this 23rd day of September, 1988, the order of the Court of Common Pleas of Indiana County in the above-captioned matter is affirmed.