561 A.2d 1337

**Linda PAUSTIAN et al., Appellants,**

**v.**

**PENNSYLVANIA CONVENTION CENTER AUTHORITY and City of Philadelphia and Department of Revenue of the City of Philadelphia, Appellees.**

Commonwealth Court of Pennsylvania.

Argued March 8, 1989.

Decided Aug. 4, 1989.

---

2. Because of our disposition of this issue, we need not consider the City's remaining allegations of error.

Sharon K. Wallis, Philadelphia, for appellants.

Richard J. Gold, Seymour Kurland, Eric M. Jacobs, Philadelphia, for appellees.

Caroline H. West, Barbara W. Mather, Pepper, Hamilton & Scheetz, Philadelphia, for Pa. Convention Center Authority.

Before CRUMLISH, Jr., President Judge, and CRAIG, DOYLE, COLINS, PALLADINO, McGINLEY and SMITH, JJ.

## OPINION

CRUMLISH, Jr., President Judge.

Linda Paustian et al. (appellants) appeal a Philadelphia County Common Pleas Court order [1] granting a motion for judgment on the pleadings filed by the Pennsylvania Convention Center Authority, the City of Philadelphia and the Department of Revenue (appellees). We affirm.

Appellants brought their complaint as a class action seeking a declaratory judgment that the Hotel Room Rental Tax [2] and its enabling legislation, the Convention Center Authority Act,[3] are unconstitutional.

Appellants represent two classes: Class A consists of nonresidents of Pennsylvania required to pay the tax prior

1. Appellees' motion was heard by Prattis, Gafni and Sheppard, Jr., JJ., sitting as a three-judge panel of the Court.

2. Philadelphia Code, §§ 19–2400—2403, enacted by ordinance of City Council (Bill No. 1013) approved October 24, 1986.

3. Act of June 27, 1986, P.L. 267, *as amended,* 53 P.S. §§ 16201—16224.

to the time the Convention Center is open, and Class B is composed of persons who pay the tax by reimbursing travel expenses of Pennsylvania nonresidents during the same period. Appellants aver that pending the start-up of Convention Center operation, they will be taxed to support the planning and construction of the Center without realizing any benefit. Appellants' Complaint, para 8. They assert violations of their due process and equal protection rights under the U.S. Constitution, U.S. Const. amend. XIV § 1, a violation of their right to interstate travel, U.S. Const. art. IV, § 2, cl. 2, and a violation of the commerce clause, U.S. Const. art. I, § 8, cl. 3.

In ruling on appellees' motion for judgment on the pleadings, the common pleas panel held that (1) the issues the appellants presented constituted purely legal questions appropriate for disposition in the context of a judgment on the pleadings; (2) the tax and Act did not violate the due process and equal protection clauses of the U.S. Constitution because the burden imposed on appellants is not palpably disproportionate to the benefits received;[4] (3) the tax and Act did not violate the federal Commerce Clause since Pennsylvania residents and nonresidents alike stand to benefit from the concomitant developments associated with the Convention Center; and (4) the right to interstate travel was not infringed because, again, the tax was not limited to nonresidents and was explicitly intended to promote tourism.

The opinion of the common pleas court panel ably disposes of the appellants' contentions on appeal and we will affirm on the opinion of Judge Lawrence Prattis docketed at No. 5396 November Term 1987, and reported as *Paustian v. Pennsylvania Convention Center Authority,* —— Pa.D. & C. 4th ——, 18 Phila. 45 (1988).

We write separately to address appellants' contention that the common pleas court erred in entering judgment on the pleadings because the court did not, as is required in

---

**4.** In this section of its opinion, the common pleas court also rejected appellants' contention that the Act created a "special law" and thus was subject to a strict proportionality requirement.

ruling on such a motion, *Council 13, AFSCME v. Thornburgh,* 108 Pa.Commonwealth Ct. 155, 529 A.2d 1143 (1987), accept as true their averments that the tax burden would fall primarily upon out-of-state residents without an appreciable corresponding benefit. They maintain that the legal issues here are not so free from doubt as to render a trial a meaningless exercise. *North Star Coal Co. v. Waverly Oil Works Co.,* 447 Pa. 241, 288 A.2d 768 (1977).

 It is not accurate to say that the common pleas court did not accept as true appellant's averments of 'burden without benefit.' Rather, under the principle articulated in *Airway Arms, Inc. v. Moon Area School District,* 498 Pa. 286, 446 A.2d 234 (1982), the court properly characterized the additional tax burden on the individual appellants as minimal when compared to the prospective good to be achieved by both residents and visitors alike. Thus, the common pleas court panel permissibly interpreted the appellants' allegations in light of the facts as it knew them to be without rejecting them absolutely, as appellants would have this Court find. We also agree with the common pleas court panel that the constitutional issues presented are primarily legal in nature and are properly disposed of in this procedural posture. While there is no directly apposite authority, our Supreme Court's dispositions in *Leventhal v. City of Philadelphia,* 518 Pa. 233, 542 A.2d 1328 (1988), and *Allegheny County v. Monzo,* 509 Pa. 26, 500 A.2d 1096 (1985), provide sufficient guidance for the common pleas court and this Court to determine the constitutionality of the instant tax as applied to these appellants.

 Appellants' principal constitutional argument that the Act violates the Special Law Clause of the Pennsylvania Constitution, Article 3, Section 32,[5] is also without merit. A special tax is one levied for a special local purpose for the benefit of a part of a political body and which rests upon the supposition that a portion of the public is specially benefitted. 84 C.J.S., Taxation, § 3; *Allegheny County v.*

5. Pa. Const. art. 3, § 32 provides: "The General Assembly shall pass no local or special law in any case which has been or can be provided for by general law...."

*Monzo.* Here, despite the benefits peculiar to the City of Philadelphia, the General Assembly explicitly justified the expenditure of state funds for the Convention Center to promote the health, safety, employment, business opportunities and general welfare not only of the City, but of the surrounding counties and the Commonwealth as a whole. Section 16202 of the Act, 53 P.S. § 16202. Though appellants may not receive tangible benefit at present, we reject the implication that the Convention Center project cannot be funded through the imposition of a tax before the project's completion and operation. We agree with the common pleas court that allowing a challenge pending, but not after, completion of the Convention Center would lead to the unacceptable result that no civic project could be similarly funded until that project is "on line." "The Act represents an appropriate exercise of the Legislature's power to enact taxes directed towards a legitimate public goal." *Leventhal,* 518 Pa. at 245, 542 A.2d at 1334.

DOYLE, J., dissents.

## ORDER

The Philadelphia County Common Pleas Court order, No. 5396 November Term 1987, dated September 6, 1988, is affirmed.