**Johnson v. Pennsylvania State Police**

C.P. of Delaware County, no. 87-7231.

*William Mayer* and *John J. Hart,* for appellant Johnson.
*Michael A. Paul,* for appellant Barr.
*John J. Calabro,* for appellees, the Commonwealth parties.

KOUDELIS, *J.,* January 3, 1995—

## NATURE AND HISTORY OF THE CASE

This is an appeal from an order of the court dated August 19, 1994 granting the Commonwealth parties' motions for judgment notwithstanding the verdict.

The history of the cases is as follows. Johnson brought an action against the Commonwealth parties for wrongful death and survival arising out of the death of her husband, Steven Johnson. Barr brought an action against the Commonwealth parties for personal injury. Both cases arose out of the same incident, a motor vehicle accident.

The cases were consolidated for trial, and bifurcated on the issues of liability and damages. The liability trial, before a jury, was held in November 1993. The jury returned a verdict for the plaintiffs, and against the Commonwealth parties, finding only the Pennsylvania State Police causally negligent.

The damages trial, before a jury, was held in June 1994. That jury awarded Johnson $1,500,000 under the Wrongful Death Act, and $1,000,000 for loss of consortium; the jury awarded Barr $1,800,000.

After trial, the Commonwealth parties filed motions for judgment notwithstanding the verdict, or, in the alternative, motions to mold the verdict downward to $250,000 each for Barr and Johnson. Barr and Johnson filed post-trial motions asking the court to mold the verdicts to add substantial delay damages. The court granted judgments notwithstanding the verdicts and both plaintiffs appealed, necessitating this opinion. Each appellant has filed a concise statement of matters complained of on appeal.

Johnson raises four claims of error. After reviewing them, the court sees the following issues raised:

(1) The court erred in granting the post-trial motions of the Commonwealth parties for judgment notwithstanding the verdict.

(2) Johnson's claims are not barred by the Pennsylvania Sovereign Immunity Act, 42 Pa.C.S. §8521.

Rather, the negligent actions of the Pennsylvania State Police and Trooper Regina Berrian fall within the vehicle and personal property exceptions to the statute at 42 Pa.C.S. §8522(b)(1) and (3).

(3) The Commonwealth parties waived any allegations of error in the jury verdict slip which required that the jury make separate awards for wrongful death and loss of consortium.

(4) The court erred in failing to mold the verdict by reducing the verdict from a total of $2,500,000 to $250,000 and then adding delay damages of $1,735,204.51 for a total of $1,985,204.51.

Barr raises three issues:

(1) The court erred in granting the Commonwealth parties' motions for judgment notwithstanding the verdict.

(2) The plaintiffs' claims are not barred by the Pennsylvania Sovereign Immunity Act.

(3) The court erred in failing to mold the verdict by reducing it from $1,800,000 to $250,000 plus delay damages of $1,420,344, equaling a total molded verdict of $1,670,344 plus post-judgment interest accruing at a rate of $8,351.72 per month from June 14, 1994 until payment.

After review, the court finds that it was proper to grant the motions for judgment notwithstanding the verdict, the plaintiffs' claims were barred by the Sovereign Immunity Act, and the remaining issues raised are moot.

## FACTS

These cases arise from a motor vehicle accident that took place on the Pennsylvania turnpike on December 28, 1984. Trial testimony revealed that there was a disabled vehicle in the westbound lanes of the turnpike.

Pennsylvania State Trooper Regina Berrian arrived on the scene at approximately the same time as Patrick Doyle of Oakdale Automotive Inc. Both Trooper Berrian, in her police car, and Mr. Doyle, in his tow truck, arrived in the eastbound lanes. Berrian and Doyle spoke via radio and determined that Berrian would stop traffic in the eastbound lanes so that Doyle could make a U-turn to remove the disabled vehicle.

As Trooper Berrian was stopping traffic, a chain collision occurred as Steven R. Johnson, operating a tractor trailer truck, failed to stop and struck numerous other vehicles. Steven R. Johnson was instantaneously killed as a result of the accident. Testimony revealed that Berrian attempted to stop the oncoming traffic by waving her hands; she did not use flags, flares, or any other type of warning devices. As a further result of this accident, Barr sustained a serious closed head injury.

## DISCUSSION

The first and second issues raised by both Barr and Johnson are intertwined and will be discussed together: *i.e.* that the court erred in granting the Commonwealth parties' post-trial motions for judgment notwithstanding the verdict on the basis that the claims of Barr and Johnson were barred by the Pennsylvania Sovereign Immunity Act. Barr and Johnson argue that the negligent actions of the Pennsylvania State Police and Regina Berrian fall directly into the vehicle and/or personal property exceptions to the Sovereign Immunity Act as those exceptions are codified at 42 Pa.C.S. §8522(b)(1) and (3).

The Commonwealth parties argue that the claims of Barr and Johnson are totally barred by the Pennsylvania Sovereign Immunity Act at 42 Pa.C.S. §8522(b)(1) and (3) and that therefore judgment notwithstanding the

verdict was properly granted. Additionally, the Commonwealth parties argue that the Pennsylvania State Police and Regina Berrian had no jurisdiction over the Pennsylvania turnpike so as to fall within any exception to the Sovereign Immunity Act.

After reviewing all of the trial evidence and exhibits, the post-verdict motions and briefs, and hearing oral argument, the court agrees with the Commonwealth parties.

The applicable law is contained in 42 Pa.C.S. §8501, defining "Commonwealth party," 42 Pa.C.S. §8521 granting sovereign immunity generally to Commonwealth parties, 42 Pa.C.S. §8522(a) imposing liability on Commonwealth parties under certain very specific circumstances and what those exceptions are in 42 Pa.C.S. §8522(b)(1) through (9).

Section 8501 describes Commonwealth party as "a Commonwealth agency and any employee thereof, but only with respect to an act within the scope of his office or employment." The Pennsylvania State Police and Trooper Berrian qualify as Commonwealth parties under that definition. *Taylor v. Jackson,* 164 Pa. Commw. 482, 643 A.2d 771 (1994).

According to sections 8521 and §8522, a "Commonwealth party" is liable to suit only if the allegations made state a cause of action which falls within one of nine limited categories in which sovereign immunity is waived.

Barr and Johnson argue that their causes of action fall within the vehicle and/or personal property exceptions to sovereign immunity contained in sections 8522(b)(1) and 8522(b)(3). The motor vehicle exception, section 8522(b)(1), provides:

"(1) Vehicle liability—the operation of any motor vehicle in the possession or control of a Commonwealth party. As used in this paragraph, 'motor vehicle' means any vehicle which is self-propelled and any attachment thereto, including vehicles operated by rail through water or in the air."

The personal property exception, section 8522(b)(3), provides:

"(3) Care, custody or control of personal property. —The care, custody or control of personal property in the possession or control of Commonwealth parties, including Commonwealth—owned personal property and property of persons held by a Commonwealth agency, except that the sovereign immunity of the Commonwealth is retained as a bar to actions on claims arising out of Commonwealth agency activities involving the use of nuclear and other radio active equipment, devices and materials."

The court finds that neither the vehicle nor the personal property exceptions to sovereign immunity applies to this case.

The Pennsylvania Supreme Court, in *Love v. City of Philadelphia,* 518 Pa. 370, 543 A.2d 531 (1988), interpreted the term "operation" as used in the vehicle exception. The court held that the term must be strictly construed. The court interpreted "operation" to mean that the vehicle in question must actually be in motion for the vehicle exception to apply. In this case, the testimony proved that Trooper Berrian had parked her state police vehicle on the eastbound side of the highway, left the vehicle, and was in the middle of the eastbound lanes at the time of the accident. The Supreme Court has said that: "Getting into or alighting from a vehicle are merely acts ancillary to the actual operation of that vehicle." *Id.* at 375, 543 A.2d at 533. The court finds

that Trooper Berrian was not operating a motor vehicle at the time of the accident.

Similarly, the Commonwealth Court held in *Commonwealth of Pennsylvania, Pennsylvania State Police v. Robinson,* 123 Pa. Commw. 401, 554 A.2d 172 (1989), that an accident, which occurred when a motorist who had stopped to assist a state trooper at an accident scene, was struck by another vehicle, did not arise òut of the "operation" of the trooper's motor vehicle.

Recently, the Commonwealth Court held that a series of accidents which occurred while a state police officer was directing traffic did not arise out of the "operation" of the police car. *Taylor v. Jackson, supra.* The *Taylor* court found that the state police were immune from suit and that sovereign immunity extended to their actions at the scene of a highway accident absent evidence that would tend to support waiver of immunity.

This court sees no evidence in this case that would tend to support a waiver of immunity under the vehicle exception. The *Taylor* court also stated that the determination of whether an action against the state is barred by sovereign immunity is entirely a matter of law. See also, *Hall v. Acme Markets Inc.,* 110 Pa. Commw. 199, 532 A.2d 894 (1987). And, *Taylor* emphasizes that exceptions to sovereign immunity must be narrowly construed. See also, *Mascaro v. Youth Study Center,* 514 Pa. 351, 523 A.2d 1118 (1987).

The court finds that Trooper Berrian was not "operating" a motor vehicle in her possession or control. The *Love* court, *supra,* stated that "[t]his word ['operation'] when used with relation to automobiles, signifies a personal act in working the mechanism of the automobile." *Id.* at 374, 543 A.2d at 532. Trooper Berrian was not operating her vehicle at the time of this accident. She had previously parked her vehicle at the

side of the highway and was standing on the highway directing traffic.

Regarding the personal property exception, our appellate courts have addressed the issue of whether the Commonwealth parties' police power over motorists and their vehicles brings the Commonwealth party within the personal property exception to the Sovereign Immunity Act. In *Kline v. Pennsylvania Mines Corporation,* 120 Pa. Commw. 7, 547 A.2d 1276 (1988), the Commonwealth Court held that the Commonwealth parties' regulating and enforcing powers were not tantamount to a constructive holding of such property. See also, *Buffalini v. Shrader,* 112 Pa. Commw. 228, 535 A.2d 684 (1987). The *Kline* court went on to say that even though the word "possession" in the personal property exception did not require ownership, mere control through regulation did not suffice to find possession.

Neither Trooper Berrian's "control" over her vehicle nor the Commonwealth parties' police power over motorists and their vehicles brings the Commonwealth party within the personal property exception.

Finally, on the issue of immunity, the question arises as to whether or not the facts placed the plaintiffs' causes of action into the real estate exception to sovereign immunity contained at 42 Pa.C.S. §8522(b)(4). That section provides:

"(4) Commonwealth real estate, highways and sidewalks.—A dangerous condition of Commonwealth agency real estate and sidewalks, including Commonwealth-owned real property, lease holds in the possession of a Commonwealth agency and Commonwealth owned real property leased by a Commonwealth agency to private persons, and highways under the jurisdiction of a Commonwealth agency, except conditions described in paragraph '5' [potholes etc.]."

The statute is clear that the real estate exception applies only to "... highways under the jurisdiction of a Commonwealth agency [party]." In this case, the Commonwealth party has no jurisdiction over the Pennsylvania turnpike. See discussion *infra.*

35 Pa.C.S. §652(a) provides that, "... the Pennsylvania Turnpike Commission hereinafter created is hereby authorized and empowered to construct, operate and maintain a turnpike... ." Thus, the Pennsylvania Turnpike Commission and not the Pennsylvania State Police has full jurisdiction over the Pennsylvania turnpike.

As discussed above, the Commonwealth Court has ruled that a Commonwealth parties' regulating authority over real property does not amount to jurisdiction and control. *Kline v. Pennsylvania Mines Corporation, supra.* More recently, in *Bennett v. Pennsylvania Turnpike Commission,* 160 Pa. Commw. 223, 634 A.2d 776 (1993), the Commonwealth Court reaffirmed that the Pennsylvania Turnpike Commission and not the Pennsylvania State Police has full jurisdiction over the turnpike. The *Bennett* court stated that:

"Even though the Turnpike Commission has issued regulations at 67 Pa.Code §601.6(b) making the State Police responsible for abandoned vehicles on the turnpike, that responsibility is not tantamount to giving the State Police 'jurisdiction' over Commonwealth real estate, *i.e.,* the turnpike, as that term is used in the Sovereign Immunity Act." *Id.* at 234, 634 A.2d at 781.

The court in *Bennett* went on to specifically hold that the state police do not have jurisdiction over the turnpike and the real estate exception to sovereign immunity does not apply. Thus, the real estate exception to sovereign immunity is not applicable to this case as a matter of law.

The remaining issues raised by the plaintiffs in their concise statement of matters complained of on appeal are moot in view of the court's granting of the Commonwealth parties' motions for judgment notwithstanding the verdict. The court's order appealed from here specifically states that any other outstanding motions are rendered moot. Therefore, the court does not address those issues herein.

## CONCLUSION

For the above reasons, the court finds, after review that the court correctly granted the Commonwealth parties' motions for judgment notwithstanding the verdict, as a matter of law, in that the plaintiffs' claims were barred by the provisions of the Sovereign Immunity Act.