## Walter v. Tunney

C.P. of Butler County, A.D. no. 97-10121.

*Richard E. Goldinger,* for plaintiffs.
*Thomas A. McDonnell,* for defendant Tunney.
*Rebecca Sember* and *Edward A. Yurcon,* for defendant Bieber.
*Lee A. Montgomery* and *Norman D. Jaffe,* for defendant Nusser.
*John R. Benty,* for the Commonwealth.

O'BRIEN, *P.J.,* March 17, 1999—Defendant Commonwealth of Pennsylvania has filed with the court, for its consideration, a motion for judgment on the pleadings requesting that this court enter judgment in its favor on the basis that the above-named plaintiffs failed to state a cause of action upon which relief can be granted.

The pertinent facts are as follows. On October 4, 1995, plaintiff Paul L. Walter was driving his 1930 Ford street rod coupe on State Route 356 in Butler County with his daughter, plaintiff Emily Walter, riding as a passenger. After passing several slow moving vehicles, plaintiff Paul Walter attempted to move back into the non-passing lane of traffic when he lost control of the automobile. The automobile flipped over and landed on the roadway. Plaintiff Emily Walter was killed as a result of this automobile accident.

Plaintiffs filed a complaint against the above named defendants contending that the accident was the result of several defects in the automobile design and restoration that should have been discovered when the automobile was inspected just prior to the accident by defendant Daniel Bieber t/d/b/a Bieber Automotive. Plaintiffs argued that the Commonwealth was negligent in granting an automobile inspection license to defendant

Bieber Automotive when it should have known that defendant Bieber Automotive was incapable of properly inspecting the automobile. Further, the plaintiffs contend that the Commonwealth was negligent by failing to ascertain that defendant Bieber Automotive was incapable of performing a proper automobile inspection and that the Commonwealth did not take all the necessary measures to ensure that defendant Bieber Automotive was capable.

The Commonwealth, in its motion for judgment on the pleadings, argues that plaintiffs have failed to state a cause of action upon which relief can be granted because sovereign immunity bars the Commonwealth from being held liable for this accident. The Commonwealth states that plaintiffs' action for negligent licensing and regulation is not one of the nine exceptions to sovereign immunity. See 42 Pa.C.S. §8522(b). Therefore, the Commonwealth contends the court should dismiss all claims against the Commonwealth.

In order to bring an action against the Commonwealth without it being barred by sovereign immunity, a plaintiff must establish (1) that the negligent act involved a cause of action recognized at common law or by statute, and (2) that the act by the Commonwealth is one of the nine enumerated exceptions to sovereign immunity identified in 42 Pa.C.S. §8522(b).[1] See *id.* The court is to strictly construe these nine exceptions in determining the

---

1. The nine exceptions where sovereign immunity will not protect the Commonwealth from being held liable are as follows:

"(b) *Acts which may impose liability.*—The following acts by a Commonwealth party may result in the imposition of liability on the Commonwealth and the defense of sovereign immunity shall not be raised to claims for damages caused by:

"(1) *Vehicle liability.*—The operation of any motor vehicle in the possession or control of a Commonwealth party . . . .

applicability of sovereign immunity. See *CSX Transportation Inc. v. Franty Construction,* 157 Pa. Commw. 620, 630 A.2d 932 (1993).

In this case, defendant Bieber Automotive is not an agent of the Commonwealth simply because the Commonwealth regulates and licenses it to perform automobile inspections. See *Kline v. Pennsylvania Mines Corp.,* 120 Pa. Commw. 7, 10-12, 547 A.2d 1276, 1278 (1988). The Commonwealth's ability to grant an inspection license to defendant Bieber Automotive is not sufficient to bring the license or the business within the physical possession or actual control of the Commonwealth so that section 8522(b)(3) might apply. See 42 Pa.C.S. §8522(b)(3); *Giovannitti v. PennDOT,* 113 Pa. Commw. 572, 537 A.2d 966 (1988), *appeal denied,* 519 Pa. 669, 548 A.2d 258 (1988); *Kline,* 120 Pa. Commw. 7, 547 A.2d 1276.

In order for the real estate exception to apply, 42 Pa.C.S. §8522(b)(4), plaintiffs must allege that an artifi-

---

"(2) *Medical-professional liability.*—Acts of health care employees of Commonwealth agency medical facilities or institutions . . . .

"(3) *Care, custody or control of personal property.*— . . . in the possession or control of Commonwealth parties . . . .

"(4) *Commonwealth real estate, highways and sidewalks.*—A dangerous condition of Commonwealth agency real estate and sidewalks . . . and highways . . . .

"(5) *Potholes and other dangerous conditions.*—A dangerous condition of highways . . . created by potholes or sinkholes . . . .

"(6) *Care, custody or control of animals.*— . . . in the possession of a Commonwealth party . . . .

"(7) *Liquor store sales.*—The sale of liquor at Pennsylvania liquor stores by employees of the Pennsylvania Liquor Control Board . . . .

"(8) *National Guard activities.*—Acts of a member of the Pennsylvania military forces.

"(9) *Toxoids and vaccines.*—The administration, manufacture and use of a toxoid or vaccine . . . ." 42 Pa.C.S. §8522(b)(1-9).

cial condition or defect in the highway resulting from actions by the Commonwealth caused the automobile accident and death of plaintiff Emily Walter. In this action, plaintiffs do not raise such allegations.

Additionally, none of the remaining seven exceptions apply to the facts of this case.

In examining the evidence and closely scrutinizing the nine exceptions to sovereign immunity outlined at 42 Pa.C.S. §8522(b)(1-9), the court finds that plaintiffs have failed to show that one of the nine exceptions is applicable. The court, therefore, concludes that sovereign immunity bars the Commonwealth from being held liable for the automobile accident that resulted in the death of plaintiff Emily Walter. Finding that the plaintiffs have failed to state a cause of action against the Commonwealth for which relief can be granted, the court enters the order below.

## ORDER

And now, March 17, 1999, before the court for its consideration is defendant Commonwealth of Pennsylvania's motion for judgment on the pleadings. After reviewing the evidence and narrowly interpreting the nine exceptions to sovereign immunity, the court finds that the above named plaintiffs have failed to show that one of the nine exceptions outlined at 42 Pa.C.S. §8522(b)(1-9) is applicable. This action against the Commonwealth for negligent licensing and regulation is, therefore, barred by sovereign immunity.

Finding that plaintiffs have failed to state a cause of action against the Commonwealth for which relief can be granted, the court hereby orders that the Commonwealth's motion for judgment on the pleadings is granted.